J-S17017-18
J-S17018-18
J-S17019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATRICIA R. GRAY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GWENDOLYN L. JACKSON AND | : | No. 2923 EDA 2017 |
| BROWN'S SUPER STORES, INC. | : | |
| D/B/A SHOPRITE OF PARKSIDE | : | |

Appeal from the Order Entered August 9, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): August Term, 2000, No. 02040

| | | |
|---|---|---|
| PATRICIA R. JACKSON GRAY | : | IN THE SUPERIOR COURT OF |
| A/K/A PATRICIA GRAY AND T. | : | PENNSYLVANIA |
| BARRY GRAY | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GWENDOLYN L. JACKSON AND | : | No. 2927 EDA 2017 |
| BROWN'S SUPER STORES, INC. | : | |
| D/B/A SHOPRITE OF PARKSIDE | : | |
| | : | |
| | : | |
| APPEAL OF: PATRICIA R. GRAY | : | |

Appeal from the Order Entered August 9, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): September Term, 2009, No. 03174

| | | |
|---|---|---|
| PATRICIA JACKSON GRAY A/K/A | : | IN THE SUPERIOR COURT OF |
| PATRICIA GRAY | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |

J-S17017-18
J-S17018-18
J-S17019-18

```
                                    :
     GWENDOLYN L. JACKSON,          :
     BROWN'S SUPER STORES, INC.     :      No. 2928 EDA 2017
     D/B/A SHOPRITE OF PARKSIDE     :
                                    :
                                    :
     APPEAL OF: PATRICIA R. GRAY    :
```

Appeal from the Order Entered August 9, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  March Term, 2014, No. 03768

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY LAZARUS, J.:                        **FILED APRIL 13, 2018**

Patricia R. Gray, *pro se*, appeals from the orders, entered in the Court of Common Pleas of Philadelphia County, setting aside writs of execution and interrogatories in attachment and dissolving any attachments existing by virtue of those writs.[1]  Upon review, we quash the appeals as moot.

These appeals stem from Gray's efforts to collect judgments she obtained against her sister, Gwendolyn Jackson, as a result of various lawsuits.  In May 2017, Jackson reached a settlement in her own slip-and-fall lawsuit against Brown's Super Stores (Brown's) in the amount of $215,000.00.  In June 2017, when Gray learned that Jackson had settled her action, she filed *praecipes* for writs of execution against Brown's in five of the cases in which

_____

[1] These are three appeals from three separate orders entered in three separate case numbers.  Because they all involve the same factual and legal issues, we have, *sua sponte*, consolidated the appeals for purposes of disposition.  **See** Pa.R.A.P. 513.

- 2 -

she possessed judgments against Jackson.[2]  Gray did not file for writs against Brown's insurers.

Brown's, whose insurer was contractually obligated to pay the settlement proceeds to Jackson's attorneys, filed petitions to set aside the writs of execution filed against it, because it was not actually in possession of any funds owed to Jackson.  Brown's wanted its insurer to be able to release the settlement funds to Jackson's attorneys in order to complete the settlement process, but averred that "[t]he existence of the Writ(s) of Execution have . . . interjected uncertainty and concern on the part of all parties as to the proper manner of concluding the settlement of the slip and fall case."  Brown's Super Stores, Inc.'s Petition to Set Aside Writ of Execution and Dissolve Attachment (Case No. 000802040), 6/13/17, at ¶ 20.  Gray filed answers and supplemental answers to Brown's petitions.  Three of those petitions – those at issue in the instant appeals – were assigned to the Honorable Daniel J. Anders for disposition.

Judge Anders held oral argument on August 9, 2017, at which Gray appeared and was heard.  After argument, the court issued three orders setting aside the writs and dissolving any associated attachments.  Gray did

_____

[2] Gray had previously filed a writ against Brown's in a sixth case.

not request the court stay the effect of its orders pending appeal.[3]  On August 11, 2017, Brown's insurer delivered the settlement proceeds of Jackson's slip-and-fall case to Jackson's attorneys, pursuant to the settlement agreement reached by the parties in that matter.  Jackson's attorneys advised Gray of this fact via amended answers to interrogatories in aid of attachment dated August 24, 2017.[4]

On September 2, 2017, Gray filed three separate notices of appeal as to the orders entered by Judge Anders on August 9, 2017.  On October 11, 2017, Brown's filed with this Court motions to quash each of Gray's appeals for mootness.  These motions were denied without prejudice to Brown's right to raise the issue again in its appellate briefs.  Judge Anders issued his Pa.R.A.P. 1925(a) opinions on December 11, 2017, in which he recommended that the appeals be quashed for mootness.  Brown's has again raised the issue of mootness in its appellee's briefs.  Gray does not address the mootness issue in her briefs.

---

[3] The day after Judge Anders issued his orders setting aside the writs in the three cases before him, Gray voluntarily withdrew the remaining writs she had filed.

[4] Gray had also filed for writs of execution against Jackson's attorneys.  Gray voluntarily withdrew those writs the day after Judge Anders entered his orders setting aside the writs in the instant matters.

An issue before a court is moot if, in ruling upon the issue, the court cannot enter an order that has any legal force or effect. ***Rivera v. Pennsylvania Dept. of Corrections***, 837 A.2d 525, 527 (Pa. Super. 2003).

> The cases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the outcome.

***In re Gross***, 382 A.2d 116, 119 (Pa. 1978). Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable. ***J.S. v. Whetzel***, 860 A.2d 1112, 1118 (Pa. Super. 2004). If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot. ***Id.***

Here, Gray filed for writs of execution against Brown's in an effort to attach settlement proceeds that were owed by Brown's, through its insurer, to Jackson. After the trial court set aside the writs of execution, but before Gray filed her appeals, Brown's insurer, pursuant to the settlement between Brown's and Jackson, forwarded the balance[5] of the settlement funds to Jackson's attorneys. Accordingly, Brown's has fully satisfied its obligation to Jackson and is not in possession of any funds owed or belonging to Jackson. Reinstatement of the writs would not bring the proceeds back into Brown's or

---

[5] The insurer had previously paid out a small portion of the settlement proceeds to the Centers for Medicare and Medicaid Services ("CMS") to satisfy a Medicare lien.

its insurer's possession; any claim Gray may have had against Brown's has been eliminated. **See id.** Thus, as no orders this Court could enter would have any legal force or effect, **Rivera**, **supra**, we are compelled to quash these appeals.

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/18